FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ATANU MUKHERJEE, | No.   2:19-cv-00402-SMJ |
| Plaintiff, | **ORDER  DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| WASHINGTON STATE UNIVERSITY, | |
| Defendant. | |

Before the Court is Defendant's motion for summary judgment, ECF No. 33. Defendant argues that there is no genuine issue of material fact and that Plaintiff's claims are untimely. Having reviewed the file in this matter, the Court is fully informed and denies the motion.

## BACKGROUND

Plaintiff sought a position with Defendant Washington State University as an Assistant Professor of Soil Quality and Sustainable Soil Management. *See* ECF No. 35-2. He initially applied for the position in 2017. *See id.* Defendant chose not to interview him, and eventually offered the position to another candidate, who declined. ECF No. 36 at 3. Defendant reposted the job listing, and Plaintiff

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 1

resubmitted his application. *See* ECF Nos. 35-3; 36-3. Defendant again chose not to interview Plaintiff. ECF No. 36 at 4. Months later, Plaintiff contacted Defendant, who told him the position had been filled. ECF No. 36 at 5.

The job listing listed several required and preferred qualifications. *See* ECF No. 36-1 at 4. The required qualifications included a Ph.D. in a field related to the position and a "[d]emonstrated record of scholarly accomplishments in research, extension, and/or teaching commensurate with career level." *Id.* Plaintiff has a Ph.D. in Soil Water and Science and has research and teaching experience listed on his resume. *See* ECF No. 35-2. The white woman who was initially offered the position did not have a Ph.D. ECF No. 35-1 at 4; *see also* ECF Nos. 36-1; 36-3. Some of the applicants who received an interview also did not have extension experience. ECF No. 43-1 at 18–19. For example, as to Ben Thomas, one of the candidates selected for an interview in 2017, Defendant listed *both* "Limited outreach/extension experience" *and* that he had "Limited/no teaching experience" as weaknesses. *Id.* at 19.

Plaintiff, who identifies as brown, Asian, and from India, dually filed a charge with the Equal Employment Opportunity Commission (EEOC) and the Washington State Human Rights Commission, alleging discrimination based on his color, race, and national origin. *See* ECF Nos. 35-5; 35-6. The EEOC was unable to conclude that Defendant violated Title VII and dismissed the charge. ECF No. 35-

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 2

6. Plaintiff sued. *See* ECF No. 1.

## LEGAL STANDARD

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess witness credibility or weigh the evidence. *See id.* Yet the nonmoving party may not rest on the mere allegations or denials of its pleading but must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires resolution by the finder of fact. *See Anderson*, 477 U.S. at 248–49.

//

//

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 3

**DISCUSSION**

**A.    The Court declines to grant summary judgment on statute of limitations grounds**

To maintain suit in federal court, plaintiffs asserting discrimination under Title VII must have timely filed a charge with the EEOC. *Mueller v. City of Los Angeles Fire Dep't*, 637 F.2d 616, 617 (9th Cir. 1980). Title VII requires the plaintiff to file a charge within 180 days after the occurrence of the alleged unlawful employment practice occurred, or, if the plaintiff initially instituted proceedings with an appropriate state agency, within 300 days after the occurrence. 42 U.S.C. § 2000e-5(e)(1). Because Plaintiff dually filed his charge with the EEOC and the Washington State Human Rights Commission, he had 300 days to file his charge.

Defendant argues that the limitations period should run from the date that Plaintiff was screened from the applicant pool and not chosen for an interview. ECF No. 33 at 6. It rightly points out that "[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *See Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979). But Defendant fails to consider that "[t]he touchstone for determining the commencement of the limitations period is notice: a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action." *Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, 1136 (9th

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 4

Cir. 2006); *see also Del. State College v. Ricks*, 449 U.S. 250, 258 (1980) (concluding that the limitations period began when the decision not to grant plaintiff tenure "was made *and communicated*" to plaintiff, not when his employment ended) (emphasis added) (citing *Abramson*).

The limitation period thus begins when Plaintiff knew or had reason to know of the discriminatory action, not on the date that Defendant screened him from the pool of applicants. *See Stanley*, 433 F.3d at 1136. Plaintiff first applied for the position on April 14, 2017. ECF No. 35-2 at 2. On May 8, 2017, Defendant eliminated Plaintiff from consideration, yet Defendant never notified Plaintiff that he had not been selected, and the position remained vacant. ECF No. 36 at 3. Defendant reposted the position on January 25, 2018. *Id.* at 4. Plaintiff reapplied for the position on March 4, 2018 and was screened on March 7, 2018. ECF No. 35-3; ECF No. 36 at 4. On August 12, 2018, Plaintiff contacted Defendant, who told him that another applicant had been selected for the position. ECF No. 36 at 5.

Whether Plaintiff knew or should have known about the injury giving rise to the claim is a question of fact. *See Nesbit v. McNeil*, 896 F.2d 380, 385 (9th Cir. 1980). For Plaintiff's charge to have been timely, the limitations period needed to be triggered on or after April 18, 2018 (300 days before Plaintiff filed his charge with the EEOC). There is a genuine issue of material fact as to whether Plaintiff knew or should have known about the injury prior to that date. Accordingly, the

Court cannot grant summary judgment on that basis.

**B.      The Motion for Summary Judgment is timely**

Plaintiff argues that Defendant's summary judgment motion is premature because it was filed four months before the discovery deadline. ECF No. 41 at 6–7. "To prevail on a request for additional discovery under Rule 56(d), a party must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

Although Plaintiff provides an affidavit stating that the motion is premature, it does not state what facts he would elicit through further discovery nor that the facts are essential to oppose summary judgment. ECF No. 43 at 3. Accordingly, the Court declines to defer the motion for summary judgment to allow for more discovery.

**C.      Plaintiff has raised a genuine issue of material fact**

Title VII makes it unlawful for an employer to discriminate "because of [an] individual's race, color, religion, sex, or national origin." 42 U.S.C. § 200e-2(a)(1). Courts apply the *McDonnell Douglas* test at the summary judgment stage of a suit

brought under the Title VII when a plaintiff seeks to establish discrimination through indirect evidence. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002). First, plaintiff must establish a prima facie case of discrimination. *Costa*, 299 F.3d at 855. Once plaintiff makes a prima facie case, there is a presumption of discrimination, and the *McDonnell Douglas* test shifts the burden of production to the defendant. *Id.* If defendant offers a legitimate, nondiscriminatory reason for the adverse employment action, plaintiff must then raise a triable issue of material fact as to whether the defendant's proffered reasons for their terminations are mere pretext for unlawful discrimination. *Id.* The Court should not act as part of the hiring committee. The employer need not have chosen the *best* candidate for the position. It just cannot have made the decision based on unlawful discrimination.

### 1.    Plaintiff has established a prima facie case

A prima facie case requires "evidence adequate to create an inference that an employment decision was based on a discriminatory criterion." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977).

In a failure-to-hire case, a plaintiff may establish a prima facie case of discrimination in violation of the Title VII by producing evidence that (1) he is a member of a protected group, (2) he is qualified for the position for which he applied, (3) despite his qualifications, he was denied the position, and (4) the

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 7

position remained open or was filled by a person outside his protected class. *McDonnell Douglas*, 411 U.S. at 802; *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). "[T]he precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). It "may, admittedly, be a weak showing." *Costa*, 299 F.3d at 855.

The parties agree that Plaintiff, who self-identifies as brown, Asian, and from India, is a member of a protected group. *See* ECF No. 33 at 9; ECF No. 35-1 at 4. And he was qualified for the position. The position required a Ph.D. in a related field "with depth in a discipline and the ability to address the breadth of soil quantity and management and sustainable farming systems" as well as a "[d]emonstrated record of scholarly accomplishments in research, extension, **and/or** teaching commensurate with career level." ECF No. 36-3 at 4 (emphasis added). There were also a number of preferred qualifications, but the Court need not consider those for the purposes of the prima facie case. *See id.* Plaintiff has a Ph.D. in Soil Water and Science and significant research experience, as well as some teaching experience. ECF No. 35-3. Although his extension experience is somewhat limited, because the description of the position only required that applicants have *some* of those experiences, Plaintiff met the minimum qualifications for the position. He was subsequently denied the position. The position was then offered to a white woman,

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

who is outside of his protected classes. *See* ECF No. 35-1 at 4. The facts presented create an inference of discrimination.

## 2. Defendant has offered a legitimate non-discriminatory reason for its hiring decision

Once Plaintiff has established his prima facie case, the burden of production then shifts to the defendant to provide a nondiscriminatory explanation for its hiring decisions. *McDonnell Douglas*, 411 U.S. at 802. The burden of production is quite low; defendant need only to produce a facially valid explanation for the adverse employment decision. *See Hicks*, 509 U.S. at 509 (holding that the determination of whether defendant's rebuttal meets the burden of production need not involve a credibility assessment). Defendant has offered Plaintiff's lack of extension experience as a legitimate, non-discriminatory reason for their decision not to hire him. This satisfies the low standard.

## 3. Plaintiff has established a genuine issue of material fact as to pretext

Once defendant articulates a legitimate nondiscriminatory reason for the adverse employment decision, the burden shifts back to plaintiff to raise a genuine factual question on whether the proffered reason is pretextual. *McDonnell Douglas*, 411 U.S. at 804. The plaintiff can prove pretext "(1) indirectly, by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 9

discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000). At this point in the analysis, "the presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture." *Hicks*, 509 U.S. at 510–11.

In this case, the woman who was offered the position did not have a Ph.D., one of the two required qualifications on the job posting. ECF No. 35-1 at 4; *see also* ECF Nos. 36-1; 36-3. On the other hand, Plaintiff has a Ph.D., extensive research experience, some extension experience, and some teaching experience. ECF No. 35-3. And some of the applicants who received an interview also did not have extension experience. ECF No. 43-1 at 18–19. For example, as to Ben Thomas, one of the candidates selected for an interview in 2017, Defendant listed *both* "Limited outreach/extension experience" *and* that he had "Limited/no teaching experience" as weaknesses. *Id.* at 19. Taken together, Plaintiff has raised a genuine issue of material fact as to pretext. True, Defendant may have chosen not to hire Plaintiff because of his lack of extension experience. But a jury should decide whether Defendant's proffered reason is credible.

//

//

//

//

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 10

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion for and Memorandum in Support of Summary Judgment, **ECF No. 33**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of February 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 11